— In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Westchester County, dated January 26, 1977, which denied their motion to strike the affirmative defense of Statute of Limitations asserted by defendant Westchester County Playland Commission, sued herein as the Rye Playland Commission. Order affirmed, without costs or disbursements. The Westchester County Playland Commission is a separate and distinct public benefit corporation created by the Legislature of the State of New York (see L 1941, ch 777). By statute, an action in tort against the commission must be commenced within six months after its accrual (L 1941, ch 777, § 10). It is also provided that a notice of claim must be served within 30 days after the accident and that the commencement of any action thereunder is stayed for a period of three months after the accrual of the cause of action. Thus the total time within which an action against the commission must be commenced is a period of nine months from the date of the accident. Section 50-i of the General Municipal Law is limited by its specific language to actions or proceedings against a "city, county, town, village, fire district or school district”. The Westchester County Playland Commission, is none of these. This deliberate choice of language, which excludes other types of public corporations, requires that we uphold the special limitations of time for the commencement of actions against the Westchester County Playland Commission. Accordingly, since this action was commenced more than nine months after the happening of the accident, we are constrained to affirm the denial of plaintiffs’ motion to strike the affirmative defense of Statute of Limitations (see Percudani v Westchester County Playland Comm., 226 NYS2d 517; Oraczewski v Westchester County, 32 Mise 2d 217). Hopkins, J. P., Shapiro, Hawkins and Suozzi, JJ., concur. [86 Misc 2d 13.]